UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  24-CR-80127-ROSENBERG

UNITED STATES OF AMERICA,
      Plaintiff,

vs.

MARK DITOCCO,
      Defendant.

_____/

## DEFENDANT'S MOTION FOR DOWNWARD VARIANCE & SENTENCING MEMORANDUM

Because he viewed child pornography by accessing it on his personal computer in the privacy of his own home, Mark Ditocco will forever be a convicted felon and sex offender. Though no evidence suggests he ever did anything but look at these images – he never produced or distributed, nor did he ever attempt to meet a child – the Sentencing Guidelines call for a sentence between 78-97 months.[1] Yet, the applicable guideline, section 2G2.2, fails to distinguish between the least and worst non-production offenders because the Sentencing Commission developed it in response to Congressional directive rather than empirical data. As a result, judges both locally and nationally impose below-guideline sentences more than 60 percent of the time. As such, Mr. Ditocco asks this Court consider the well-known problems with the

---

[1] Probation actually calculates the guideline range two levels higher at 97-121 months because it assessed an enhancement for knowing distribution. The parties agree this assessment was error and Mr. Ditocco has filed an unopposed objection to that enhancement. [DE 34].

1

guideline, the unwarranted disparity a guideline sentence would create, and his own history and characteristics and sentence him below the guideline range.

### A. The sentencing guideline for non-production, child pornography offenses fails to distinguish between the least and worst offenders.

While this Court must properly calculate an advisory guideline range, it may reject that range "based on a policy disagreement" with the particular guideline at issue. *Spears v. United States*, 555 U.S. 261, 264 (2009); *see also Kimbrough* v. United States, 552 U.S. 85, 109 (2007). Here, this Court should categorically reject application of section 2G2.2 because it enhances guideline ranges based on speculation of legislators rather than the data-driven analysis of the Sentencing Commission's nationwide empirical study of criminal sentencing. *See* United States Sentencing Commission, *Report to Congress: Federal Sentencing of Child Pornography Non-Production Offenses*, 68 (2021) ("Report")(finding section 2G2.2 "is largely the result of statutory mandatory minimum penalties, congressional directives to the Commission, and direct amendments to the guideline by Congress in the Protect Act of 2003"); *see also United States v. Beiermann*, 599 F.Supp.2d 1087, 1100 (N.D. Iowa 2009)(citing multiple district court cases for the same proposition).

Moreover, section 2G2.2 fails to achieve "proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of differing severity." U.S.S.G. § 1A1.3. The Guidelines attempt to achieve this proportionality goal by enhancing an offender's base offense level using specific offense characteristics (SOC) meant to distinguish between the least and worst

offenders. However, the SOCs in section 2G2.2 cases fail to distinguish between offenders because they are common in most cases. Report at 19-20 (finding "non-production child pornography offenses are unique because of the number of specific offense characteristics that apply to the vast majority of offenders sentenced under § 2G2.2" and, as such the guideline "failed to meaningfully distinguish between more culpable and less culpable offenders.").

Mr. Ditocco's case illustrates the point. He received two-level increases for prepubescent minor [PSR ¶ 23] and use of a computer [PSR ¶ 26], SOCs the Commission found present in more than 95% of non-production cases. Report at 19. He also received a four-level enhancement for possessing material that portrayed sadistic or masochistic conduct, other depictions of violence, or abuse of an infant or toddler [PSR ¶ 25], and five additional levels because he possessed more than 600 images [PSR ¶ 27]. The Commission found these enhancements present in 84% and 77.2% of cases, respectively. Report at 19.

Although these enhancements do not achieve the Commission's goal to distinguish between offenders, they do have significant consequences. In Mr. Ditocco's case, his offense level jumps 13 levels resulting in a guideline range increase of more than 400% (from 18-24 months to 78-97 months). This failure to achieve proportionality while arbitrarily increasing the advisory sentence should concern this Court.

**B. Because courts routinely impose below-guideline sentences in non-production cases, a guideline sentence here would create an unwarranted sentencing disparity.**

Between 2015 and 2023, Sentencing Commission data shows judges in the Southern District of Florida imposed below-guideline sentences in more than 60% of section 2G2.2 cases.[2] This data includes defendants like Daniel Bray and Oscar Jacome Guallpa, who each received downward variances to 50 and 42 months, respectively, for the same behavior (viewing images on a peer-to-peer, file-sharing network) and under the same guideline range (78-97 months) as Mr. Ditocco. *See United States v. Daniel Bray*, 22-CR-80058-RLR; *United States v. Oscar Jacome Guallpa*, 20-CR-80080-KAM. It also includes Richard Magno who accumulated more than a terabyte of illicit material, faced a 78-97 month guideline range, and still received a downward variance to 60 months. *United States v. Richard Magno*, 21-CR-80008-DMM.

Nor were those decisions to vary in non-production cases outliers for local

---

[2] Undersigned counsel used the Sentencing Commission's Interactive Data Analyzer found at https://ida.ussc.gov/analytics/saw.dll?Dashboard to make this determination. To access the specific data, from the top ribbon menu, select "Guideline Application" hyperlink, then select "Sentences Relative to Guideline Range." From there, use the "Geography" filter to select "11th Circuit" and "Florida, Southern District" and the "Primary Guideline" filter to select § 2G2.2. Then scroll down to the *Sentences Imposed Relative to Guideline Range* data table for raw numbers and percentages.

Sentencing Commission data shows the same trend for below-guideline sentences nationally, and in some non-production cases, district courts have even determined *any* incarceration was greater than necessary to achieve 3553 goals – probation or supervised release was sufficient. *See* Ex. A.

judges.[3] In *United States v. O'Connell*, 17-CR-14005-KAM, Judge Marra found section 2G2.2's "overly punitive" nature alone was reason to vary from the guideline range of 97-121 months and, after considering 3553 factors, sentenced that defendant to 36 months. *O'Connell* at DE 141:36, DE 109. He did the same for Mr. Vidal Cesti, who also faced a guideline range of 97-121 months and received a 36-month sentence. *United States v. Vidal Cesti*, 15-CR-80047-KAM. Judge Middlebrooks also sentenced Marc Boodman, who pled guilty to receipt of child pornography, to the mandatory minimum 60 months in prison, even though his guideline range also called for a sentence of 97-121 months. *United States v. Marc Boodman*, 21-CR-80050-DMM.

Other judges in this district have also varied downward, sometimes significantly, in non-production cases even when the facts of those cases were more egregious than the facts here. *See, e.g.*, *United States v. Carlo Demarco*, 10-CR-20261-KMM (sentencing defendant with guideline range of 151-188 to the 60-month mandatory minimum for distribution where he possessed more than 100 videos of prepubescent children); *United States v. Diego Matrait*, 12-CR-20343-RNS (ordering 120-month sentence for a defendant who likely produced child pornography, but had not pled to production, and had a guideline range of 210-262 months); *United States v. Shawn Beauvais*, 12-CR-60067-RNS (imposing a 75-month sentence where the

---

[3] Even the government has agreed to below guideline sentences in these cases. On at least two occasions, this Court has adopted joint recommendations to below-guideline sentences in non-production cases. *See United States v. James White*, 16-CR-80122-RLR (sentencing defendant to 52 months with a guideline range of 78-97 months); *United States v. Robert Rennie*, 18-CR-80097-RLR (sentencing defendant to mandatory minimum 60-months by agreement of the parties).

guidelines range was 151-188 and defendant possessed over 1,700 videos and 4,000 images, many involving infants, toddlers and sadomasochism); *United States v. Mael Yves Crespin*, 18-CR-20250-KMW (sentencing defendant with a guideline range of 97-121 to 65 months for distribution); *United States v. Taylor Lyon*, 15-CR-20893-UU, (imposing a mandatory minimum 60-month sentence for receipt where the guideline range was 97-121).

These cases, both locally and nationally, and the Sentencing Commission data make clear that, in non-production, child pornography cases, guideline sentences are simply not the norm. As such, sentencing Mr. Ditocco within the guideline range would create an unwarranted disparity with similarly situated offenders. Rather than reflexively apply a guideline so widely condemned as unduly severe and so often rejected by district courts, Mr. Ditocco asks this Court place little weight on the advisory guideline range and instead rely on other 3553 factors to determine an appropriate sentence.

### C. Mr. Ditocco is a non-contact, non-production, first-time sexual offender who is unlikely to reoffend.

Mr. Ditocco, a first-time sexual offender, did not produce child pornography nor has he ever touched a child, and the government has no evidence to suggest he would. Moreover, a licensed psychologist determined he is a low risk to reoffend using, among other techniques, the STABLE 2007. *See* Report, Dr. Michael Brannon, January 23, 2025, attached as Exhibit "B" (under seal).

The STABLE is an actuarial instrument developed for assessing dynamic risk factors associated with future sex-offending behavior. Of the 13 factors the

instrument considers, Mr. Ditocco received points for only one – deviant sexual interests – placing him in the low-risk category. *Id*. Dr. Brannon also found he displayed no indications of antisocial or psychopathic personality traits, both of which are associated with higher rates of recidivism and lower rates of successful treatment. Additionally, Mr. Ditocco's age (he is in his early 50s) reduces the likelihood he will reoffend, as studies consistently find older offenders less likely to engage in criminal activity.

The Sentencing Commission's recently updated report regarding federal child pornography offenses bolster the doctor's findings. Report at 61-66. The Commission tracked a group of non-production, child pornography offenders[4] for three years and found only 4.3 percent of them reoffended with any sexual offense. Report at 64-65. Only 14 of the 1,093 (1.3 percent) offenders the Commission followed reoffended with a contact sexual offense. Report at 65. In short, the evidence, both for non-production offenders generally and for Mr. Ditocco specifically, strongly suggests Mr. Ditocco is unlikely to reoffend in the future.

## CONCLUSION

While "[m]ercy is seldom included on the list of "traditional" rationales for sentencing," section 3553 evinces Congress' intent – this Court should impose the "lowest possible penalty consistent with the goals of sentencing." *United States v Blarek*, 7 F.Supp.2d 192, 210 (E.D.N.Y. 1998); *See also* 18 U.S.C. §3553(a). "The

---

[4] Nearly all of these offenders (98.4%) served a term of imprisonment with a median sentence of 60 months. Report at 64.

notion that undue harshness should be avoided by those sitting in judgment has long been a part of the human fabric and spirit. Lenity is often the desirable route." *Id*. Here, Mr. Ditocco prays this Court will find that, "mercy bears richer fruit than strict justice"[5] and impose a sentence below the advisory guideline range.

WHEREFORE, the Defendant, MARK DITOCCO, respectfully requests this Court grant this motion for a downward variance.

<div style="margin-left: 40%;">

Respectfully submitted,

HECTOR DOPICO
FEDERAL PUBLIC DEFENDER

*s/Scott Berry*
Scott Berry, B.C.S.
Assistant Federal Public Defender
Attorney for Defendant
Bar Number: 0525561
250 South Australian Avenue
Suite 400
West Palm Beach, Florida 33401
Phone: (561) 833-6288
Email: scott_berry@fd.org

</div>

---

[5] Abraham Lincoln.

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<div style="text-align:center">

_s/ Scott Berry_
Scott Berry

</div>